UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO VILLALOBOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:22-cv-03901-FLA (AGRx)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

1

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332. Of relevance here, claims filed under the Magnuson-Moss Warranty Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 28 U.S.C. § 2310(d)(3)(B); *Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or a court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The same procedures apply when the existence of complete diversity of the parties is called into question. *See, e.g., Verb Tech. Co., Inc. v. Baker & Hostetler LLP*, Case No. 2:21-cv-06500-ODW (MAAx), 2021 WL 4125207 (C.D. Cal. Sept. 9, 2021).

The court has reviewed the Complaint and is presently unable to conclude it has subject matter jurisdiction. In particular, and without limitation, the court finds that

the allegations in the Complaint do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $50,000.

The parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be dismissed for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length. The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Plaintiff's demonstration of jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As Plaintiff is the party asserting federal jurisdiction, Plaintiff's failure to respond timely and adequately to this Order shall result in the dismissal of the action without further notice.

IT IS SO ORDERED.

Dated: August 29, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge